IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

  Vs.                         No. 98-40107-01-SAC

TODD C. MOORE,

        Defendant.

MEMORANDUM AND ORDER

        The defendant Todd C. Moore appearing pro se has filed a motion for early termination of his supervised release. (Dk. 376). Released from incarceration in May of 2012, the defendant began serving his five-year term of supervised release. The defendant argues for early termination based on his continuous employment, starting his own businesses, his drug-free condition since December of 2014, and his completion of mental health counseling and the MRT program in 2014. The government opposes the motion summarizing from the earlier revocation proceedings that the defendant had tested positive for marijuana in drug tests in 2013 and 2014 and had failed to cooperate in 2014 with U.S. Marshals Service in locating a federal fugitive with whom the defendant admitted his association with the fugitive and knowledge of the fugitive's location. The government also has learned from the defendant's supervising officer that in July of 2015 the defendant was found in possession of a stolen riding lawn mower and that

the defendant had recently ignored his officer's warning not to have contact with a federal fugitive.

By statute, the court may terminate a defendant's supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant release and the interest of justice." 18 U.S.C. § 3583(e)(1). The statute commits this determination to the discretion and exclusive authority of the sentencing court. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir.), *cert. denied*, 133 S. Ct. 29 (2012). Courts "require[] the defendant, as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 560 (9th Cir. 2006) (citations omitted). Before the conditions of supervised release are modified, the court is to secure counsel for the defendant and hold a hearing. Fed. R. Crim. P. 32.1(c)(1). A refusal to terminate supervised release early is not a modification of supervised release which triggers the procedural protections of Rule 32.1. *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003); *United States v. Thinh Quoc Kieu*, 2012 WL 2087387, at *1 (W.D. Okla. Jun. 8, 2012).

In making this determination, the court is to consider the listed § 3553(a) factors. 18 U.S.C. § 3583(e). The factors include, "the nature and circumstances of the offense and the history characteristics of the defendant;" "adequate deterrence;" protection of the public; the need for effective education, training, care or treatment; the sentencing guideline

factors and range in effect at the time of sentencing; pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution. 18 U.S.C. § 3553(a)(1), (2)(B)-(D), and (4)-(7); *see United States v. Gainer*, 936 F. Supp. 785, 786 (D. Kan. 1996).

The court has considered all the factors required by statute and has applied them to the facts presented in the parties' filings. The defendant's motivation and performance in starting and running his own companies show positive characteristics in the defendant. Also, the defendant's completion of counseling and the MRT program following his problems with marijuana and his current year of compliance with drug testing indicates a reduced drug risk to the public. *See* U.S.S.G. § 5D1.2, comment. (n.5).

Nonetheless, after balancing the weight of all the factors, the court is not persuaded that they favor an early termination of supervised release. The defendant's conduct is not so exceptional as to warrant early termination, and the interest of justice would not be served by granting it. Not only has the defendant defied his supervising officer's orders against contacting the suspect in a homicide, the defendant is willing to put his supervised release at risk by contacting the suspect even after the suspect's arrest. He demonstrates a continuing need for improved respect for the law and for the law enforcement system under which he is being supervised. His

possession of stolen lawn mower, his story that he purchased the mower from an unknown person, and the County Sheriff's investigation of him as a burglary suspect raise red flags about the defendant's decision-making skills and choices. The court finds that the interest of justice favors the defendant staying under supervision to reduce his risk to the public and to improve his respect for the law, decision-making skills, and behavior choices.

IT IS THEREFORE ORDERED that the defendant's pro se motion for early termination of his supervised release (Dk. 376) is denied.

Dated this 5th day of February, 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge